### LYONS *v.* ATLANTA HILL GOLD MIN. & MILL. CO.

*(Supreme Court, General Term, First Department. May 15, 1891.)*

SUPPLEMENTARY PROCEEDINGS—CORPORATIONS—RECEIVERS.

A receiver appointed in proceedings to sequestrate the property of a corporation after the return of execution against it unsatisfied will not be required to file an account where it appears that no assets of the corporation have come into his hands.

Appeal from special term, New York county.

Action by Isaac L. Lyons against the Atlanta Hill Gold Mining & Milling Company. An application to compel the receiver of defendant to account was denied, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*Raphael J. Moses, Jr.,* for appellant. *Salter S. Clark,* for respondent.

LAWRENCE, J. In this case we are of the opinion that the motion below was properly denied. It appears from the record that the receiver was appointed on the 27th of June, 1888, and that he never knew anything about the action by the company against Andrews until the 27th of March, 1890, when he was notified by the appellant's attorney of the decision of the court of appeals in the case of *Milling Co.* v. *Andrews,* 23 N. E. Rep. 987. It also appears that the judgment had been assigned to Chapin on the 1st of June, 1888, and that the assignment had been filed on the 20th of June, 1888, before the appointment of Mr. Turner as receiver. The attorney for the company, in October, 1887, had made a special contract with the company for his fees and expenses in conducting the litigation, and on the 27th of March, 1890, when judgment had been collected, there remained, over and above his fees and expenses, the sum of $738.15, which was received by Chapin under his assignment. It cannot be disputed upon the record that the company at the time of the assignment of the judgment to Chapin was indebted to him in a large amount for moneys advanced upon the bonds of the said company; nor is there anything to show that the indebtedness to Chapin was not fairly and honestly contracted. We cannot assume that the company was insolvent at the time that it made the assignment to Chapin, but, even if that fact is assumed, as the company had parted with all title to the judgment before the appointment of a receiver, no property in such judgment vested in him. *Whitney* v. *Railway Co.,* 32 Hun, 173; *Dudley* v. *Gould,* 6 Hun, 97. It would, of course, be competent for the receiver by permission of the court to have brought an action for the purpose of attacking the validity of the assignment on the ground that it was made in contemplation of insolvency. 2 Rev. St. (Banks' 7th Ed.) § 4, p. 1534. But this proceeding is not instituted to compel the receiver to bring such an action. It is a proceeding to compel the receiver to account, and, as it is not even suggested that the receiver has ever had in his possession any portion of the proceeds of the judgment recovered by the Atlanta Hill Gold Mining & Milling Company against Andrews, or any property whatever of said company, we agree with the learned justice who heard the case below that, as there is absolutely nothing to account for, the court should not authorize a useless and expensive ceremony. The order appealed from should be affirmed, with $10 costs and disbursements.

All concur.